UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

| | |
|---|---|
| RANDOLPH LEE CARTER, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:07-cv-270 |
| ) | |
| v. ) | Honorable Robert Holmes Bell |
| ) | |
| PHILIP D. SCHAEFER, et al., ) | |
| ) | **MEMORANDUM OPINION** |
| Defendants. ) | |
| ) | |

This civil rights action is before the court on plaintiff's objections to the report and recommendation of the magistrate judge. Plaintiff's *pro se* complaint, brought under 42 U.S.C. § 1983, arises from his plea-based conviction for violating the state controlled substances law, for which plaintiff is serving a prison sentence. The complaint seeks relief against Judge Philip D. Schaefer, who sentenced plaintiff, and attorney Alan B. Koenig, who represented him in state-court proceedings. In addition to seeking relief against the two named defendants, plaintiff essentially asks the court to free him from prison.

Acting pursuant to the provisions of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915(e)(2), 1915A, the magistrate judge reviewed the complaint and determined that defendant Schaefer was protected by the doctrine of judicial immunity and that the complaint failed to state a claim upon which relief can be granted against any defendant. In addition to raising the judicial immunity point, the magistrate judge determined that defense counsel does not act under color of state law for purposes of section 1983, and that plaintiff's challenge to the fact of his conviction must

be brought by appropriate habeas corpus petition, not by a civil rights complaint. In response to the report and recommendation, plaintiff has filed a one-page objection, merely noting that he is "not giving up" on his claim and raising seemingly irrelevant events recently reported in the Kalamazoo newspaper concerning illegal searches and seizures by local officers. Although federal law grants plaintiff the right to *de novo* review of proper objections, *see* FED. R. CIV. P. 72(b), objections must be specific and cogent. It is not enough to merely object to everything the magistrate judge has recommended. *See Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). Under Sixth Circuit authority, the filing of a vague, general objection is tantamount to no objections at all. *See Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006).

The court has reviewed the report and recommendation and concurs with the magistrate judge that defendant Schaefer is immune from suit in the federal court for damages and that plaintiff has failed to state a claim upon which relief can be granted against any defendant. Plaintiff's general objection will therefore be denied, the report and recommendation will be adopted as the opinion of the court, and this matter will be dismissed.

Date:     June 12, 2007            /s/ Robert Holmes Bell
                                    ROBERT HOLMES BELL
                                    CHIEF UNITED STATES DISTRICT JUDGE